﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 191113-55843
DATE: June 16, 2020

ORDER

New and relevant evidence having been received, the claim for service connection for right hip disability should be readjudicated. 

New and relevant evidence having been received, the claim for service connection for left hip disability should be readjudicated. 

New and relevant evidence having been received, the claim for service connection for right foot disability should be readjudicated. 

New and relevant evidence having been received, the claim for service connection for left foot disability should be readjudicated. 

New and relevant evidence having been received, the claim for service connection for right knee disability should be readjudicated. 

New and relevant evidence having been received, the claim for service connection for left knee disability should be readjudicated. 

New and relevant evidence having been received, the claim for service connection for right arm disability should be readjudicated. 

New and relevant evidence having been received, the claim for service connection for left arm disability should be readjudicated. 

New and relevant evidence has not been received and the claim for service connection for right Achilles tendonitis cannot be readjudicated. 

New and relevant evidence has not been received and the claim for service connection for left Achilles tendonitis cannot be readjudicated. 

REMANDED

Entitlement to service connection for right hip disability is remanded.

Entitlement to service connection for left hip disability is remanded.

Entitlement to service connection for right foot disability is remanded.

Entitlement to service connection for left foot disability is remanded.

Entitlement to service connection for right knee disability is remanded.

Entitlement to service connection for left knee disability is remanded.

Entitlement to service connection for right arm disability is remanded.

Entitlement to service connection for left arm disability is remanded.

FINDINGS OF FACT

1. New evidence that tends to prove or disprove a matter at issue has been received since the June 2019 Statement of the Case regarding the claims for service connection for bilateral hip, feet, knee, and arm disabilities.

2. The evidence added to the file since the June 2019 Statement of the Case is not relevant to the claims for service connection for right and left Achilles tendonitis.

CONCLUSIONS OF LAW

1. The criteria for readjudication of the claim for service connection for right hip disability have been met. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156(d), 3.2501(a).

2. The criteria for readjudication of the claim for service connection for left hip disability have been met. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156(d), 3.2501(a).

3. The criteria for readjudication of the claim for service connection for right foot disability have been met. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156(d), 3.2501(a).

4. The criteria for readjudication of the claim for service connection for left foot disability have been met. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156(d), 3.2501(a).

5. The criteria for readjudication of the claim for service connection for right knee disability have been met. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156(d), 3.2501(a).

6. The criteria for readjudication of the claim for service connection for left knee disability have been met. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156(d), 3.2501(a).

7. The criteria for readjudication of the claim for service connection for right arm disability have been met. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156(d), 3.2501(a).

8. The criteria for readjudication of the claim for service connection for left arm disability have been met. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156(d), 3.2501(a).

9. The criteria for readjudication of the claim for service connection for right Achilles tendonitis have not been met. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156(d), 3.2501(a).

10. The criteria for readjudication of the claim for service connection for left Achilles tendonitis have not been met. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156(d), 3.2501(a).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from February 1991 to May 1991. The Veteran also served in the United States Army Reserve from October 1989 to October 1997.

In September 2019, after issuance of a Statement of the Case in June 2019, the Veteran opted into the modernized review system as detailed in the Veterans Appeals Improvement and Modernization Act of 2017, Pub. L. No. 115-55 (2017) (also known as the “Appeals Modernization Act” (AMA)). 38 C.F.R. § 19.2(d). At that time, she filed a Supplemental Claim on VA Form 20-0995. 38 C.F.R. § 3.2501. The issues above were then denied by the Department of Veterans Affairs (VA) Regional Office (RO) in an October 2019 rating decision. The Veteran timely appealed the portion of that decision pertaining to these issues and requested direct review by the Board of the evidence considered by the RO. 38 C.F.R. § 20.202.

The Veteran also has other appeals pending under different docket numbers which will not be addressed by the Board at this time. 

Claims to Readjudicate

Initially, the Board notes that the underlying rating decision includes discussions about “new and material evidence” as well as “new and relevant evidence.” The former being the standard for reopening a previously denied claim in the system in place prior to the AMA and the latter being the current standard to readjudicate a previously denied claim. See 38 C.F.R. § 3.156 (2018 and 2019). As the Veteran opted-in to the modernized review system as detailed in the AMA, the applicable evidentiary standard is new and relevant evidence. 38 C.F.R. §§ 3.2501(a)(1), 19.2.

VA will readjudicate a finally denied claim if new and relevant evidence is presented or secured. 38 U.S.C. § 5108(a); 38 C.F.R. § 3.156(d). New evidence is evidence not previously part of the actual record before agency adjudicators. Relevant evidence is information that tends to prove or disprove a matter at issue in a claim and includes evidence that raises a theory of entitlement that was not previously addressed. 38 C.F.R. § 3.2501(a)(1). 

Prior to the present claim, these issues were last denied by the RO in the June 2019 Statement of the Case. Thus, the question for the Board is whether new and relevant evidence has been received since the June 2019 Statement of the Case. 

Hips, feet, and knees

The June 2019 Statement of the Case essentially denied the claims relating to the hips, feet, and knees because the evidence did not establish a nexus to service or that any of the conditions were caused or aggravated by a service-connected disability. 

The evidence received since the June 2019 Statement of the Case includes evidence that is both new and relevant to the claims regarding the hips, feet, and knees. See 38 C.F.R. § 3.2501(a)(1). For example, the Veteran submitted a web article which suggests the most common factors contributing to hip disabilities include overuse, acute injury, chronic microtrauma, and regional muscle dysfunction. It was noted that chronic microtrauma could be due to repetitive motions, abnormal gait, altered biomechanics, or abnormal posture. A March 2017 examination report indicates the Veteran regularly uses a cane and occasionally uses a walker for balance and aid in walking as a result of his service-connected back disability. Another web article suggests certain foot symptoms can be caused by intense training or activity (like the Veteran performed in the military argues the Veteran’s attorney). Another web article suggests that nerve irritation in the back causes muscles to misfire destroying the otherwise needed protection for the knee joint, which can lead to knee problems. This new evidence is relevant to the question of a relationship to service or the service-connected back disability. Accordingly, the claims should be readjudicated taking into consideration all of the evidence of record.

Arms

The Board notes that claims for service connection for shoulder disabilities were remanded by the Board in April 2019 and are part of a separate appeal. In addition, in March 2020 the Veteran filed an appeal regarding the rating assigned for her degenerative joint and disc disease of the cervical spine. Any neurological manifestation of the cervical spine disability affecting the upper extremities will be rated as part of that disability. See 38 C.F.R. § 4.71a, General Rating Formula for Diseases and Injuries of the Spine, Note (1). 

In an April 2015 rating decision, the RO denied claims for service connection for left and right arm conditions because there was no currently diagnosed disabilities; no event, injury, or disease during service; and no nexus to service or a service-connected disability. The May 2017 rating decision underlying the June 2019 Statement of the Case declined to reopen the claims. The June 2019 Statement of the Case also declined to reopen the claims, finding that new and material evidence had not been received. 

The evidence received since the June 2019 Statement of the Case includes evidence that is both new and relevant to the claims regarding the arms. See 38 C.F.R. § 3.2501(a)(1). For example, the Veteran submitted a statement about strenuous activities during service and that she had pain in her arms during service that continued after service and progressively worsened. This new evidence is relevant to the questions of current disability and relationship to service. Accordingly, the claims should be readjudicated taking into consideration all of the evidence of record.

Achilles tendonitis

The June 2019 Statement of the Case essentially denied the claims relating to Achilles tendonitis because the evidence did not establish a nexus to service. The Statement of the Case confirmed that VA treatment records showed a diagnosis of bilateral Achilles tendonitis. 

During the period from the June 2019 Statement of the Case to the October 2019 rating decision, the Veteran submitted a claim for service connection for Achilles disability and her attorney submitted legal argument on the issues, neither of which is relevant as neither is evidence that tends to prove or disprove a matter at issue. VA treatment records were added to the file but do not suggest any relationship between an Achilles disability and service. Thus, the treatment records do not tend to prove or disprove a matter at issue and are not relevant. As new and relevant evidence has not been received, the claims for service connection for left and right Achilles tendonitis cannot be readjudicated.

REASONS FOR REMAND

As discussed above, the claims for service connection for bilateral hip, feet, knee, and arm disabilities warrant readjudication based on receipt of new and relevant evidence. Because the Agency of Original Jurisdiction (AOJ) did not find that new and relevant evidence was received, the AOJ has not yet adjudicated the claims on the merits. Thus, a remand for initial adjudication on the merits is necessary as the Board is prevented from doing so in the first instance. Indeed, the Veteran has a procedural right to have one review of his appeal by the Secretary of VA under 38 U.S.C. § 7104(a).

The matters are REMANDED for the following action:

Readjudicate the claims for service connection for bilateral hip, feet, knee, and arm disabilities.

 

 

Nathan Kroes

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Russell P. Veldenz, Counsel 

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.